UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP L. JONES, | : | Case No.: 5:19 CV 2063 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| TIM SHOOP, WARDEN, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

Before the court in this capital habeas corpus case are two motions filed by Petitioner Phillip Jones: (1) a motion to reconsider the court's ruling denying his request to stay these proceedings and hold them in abeyance so that he can exhaust two claims of ineffective assistance of trial counsel in state court; and (2) a motion for authorization for his federal habeas counsel to litigate those same claims in state court. (Docs. 60 and 63, respectively.) Respondent Warden Tim Shoop has filed a brief opposing the authorization motion. (Doc. 64.)[1] For the following reasons, Jones' motions are denied.

I.

Jones filed a petition for writ of habeas corpus on June 24, 2020 (Doc. 11), and amended

---

[1] Respondent requested an extension of time in which to oppose the motion to reconsider, which the court granted. (Doc. 62.) However, after consideration of the motion, the court finds that no further response by Respondent is warranted.

petitions on October 21, 2021 (Doc. 35), and April 8, 2022 (Doc. 44). On April 19, 2022, he filed a motion to stay this case and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could exhaust two claims of ineffective assistance of trial counsel in state court that he argued he had never raised before. (Doc. 45.)

In one of those claims, his tenth ground for relief, Jones contends his trial counsel were ineffective because they had evidence "suggesting" that Jones' mother had "consumed alcohol during pregnancy" and of Jones' cognitive impairment in childhood, but they failed to develop this line of mitigation evidence. (Doc. 44-2 at 152-53.)[2] Jones supports this claim with a report from Dr. Julian Davies, a pediatrician and expert in fetal alcohol spectrum disorders, who, "[u]pon a simple review of [Jones'] records and evaluation," has diagnosed him as having "static encephalopathy with alcohol consumption suspected," a disability that "indicates probable organic brain damage . . . ." (*Id*. at 153; *see also* Doc. 44-3 (Davies Rep.).)

Jones' second "new" claim, his eleventh ground for relief, asserts that counsel were deficient for failing to retain a forensic medical expert to support his primary defense at trial that he accidentally strangled the victim to death "while engaging in rough sex and, at her request, choking her to increase her arousal," and relying instead on their cross-examination of the county medical examiner to refute his opinion that Jones purposefully killed Ms. Yates. (*See* Doc. 44-2 at 157.) Jones submits as support for this claim a report by Dr. Jonathan Arden, a forensic pathologist, who found "important errors" the coroner made in his trial testimony (*id*. at 161) and concluded from evidence in the record that the victim died from "'sudden cardiac death . . . during a sex act with

---

[2]  All references to page numbers of documents in the court's electronic court filing system ("ECF") are to the page numbers assigned by ECF, not to the original documents' page numbers or ECF "PageID" numbers.

2

neck compression and cocaine use'" (*id*. at 164 (quoting Doc. 44-4 (Arden Rep.) at 5)).

In ruling on Jones' motion to stay, this court found that Jones already had raised these two claims – albeit without the expert opinions he now proffers – in state court on post-conviction review, where they were adjudicated on the merits. (Doc. 54 at 5-9.) Similar to his tenth ground for relief, Jones asserted in state post-conviction proceedings that his trial counsel were ineffective for failing to investigate Jones' "potential neurological damage" for mitigation purposes. (Doc. 18-2 (Post-Conviction Pet.) at 571.) He submitted the affidavit of a psychologist who posited that defense counsel should have retained an expert to conduct a neurological or neuropsychological evaluation because several factors in Jones' background indicated neuropsychological deficits, including "the possibility of fetal alcohol syndrome in Phillip, increasing the likelihood of neurological / neuropsychological deficits from birth." (*Id*. (quoting Doc. 18-2 at 696 (Stinson Aff.)).) The trial court ultimately conducted a six-day evidentiary hearing on this claim, at which Jones presented three expert witnesses, including an expert in neuropsychology, Dr. Jeffery Madden, who validated Jones' prior diagnosis of schizoaffective disorder-bipolar type, but could not conclude with a reasonable degree of certainty that Jones "suffered from a cognitive disorder attributable to organic brain damage." *State v. Jones*, 2019 WL 385467, at *16 (Ohio Ct. App. Jan. 30, 2019).

Also, as in his eleventh ground for relief, Jones asserted on state post-conviction review that his trial counsel were ineffective for relying on their cross-examination of the coroner regarding his conclusion that the cause of Ms. Yates' death was homicidal strangulation, rather than presenting experts who could have refuted the coroner's testimony and supported his defense that he strangled Ms. Yates accidentally during a consensual sexual encounter. (Doc. 18-2 (Post-Conviction Pet.) at 553-55; 589-91.) He submitted supporting affidavits of Dr. Werner Spitz, whom he described as

a "renowned forensic pathologist," to challenge the coroner's report and establish that he had consensual sex with Ms. Yates, and of Dr. Jay Wiseman, an expert on alternative sexual practices, to educate the jury about the practice and dangers of erotic asphyxiation. (*Id*. at 553, 589; *see also id.* at 600-02 (Spitz Aff.), 769-75 (Wiseman Aff.)). The legal and factual predicates of Jones' allegedly "new" ineffective-assistance habeas claims, therefore, are essentially the same as those he presented on state post-conviction review: that trial counsel were constitutionally ineffective for failing to discover, retain, and present an expert to opine on Jones' cognitive deficits as a child for mitigation purposes and an expert in forensic pathology to testify about the nature of Jones' sexual encounter with Ms. Yates and cause of her death. And there was no indication that the evidence Jones now proposes to present was not available at the time of his state-court proceedings. Therefore, "the ultimate question would have been the same despite variations in the [specific expert opinions] urged in [their] support." *Jells v. Mitchell*, 538 F.3d 478, 504 (6th Cir. 2008) (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)).

This court then concluded that Jones' tenth and eleventh grounds for relief are exhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas petitioners exhaust claims by giving state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). And the *Rhines* stay-and-abeyance mechanism is not available to Jones, as it permits petitioners "to exhaust a claim, . . . not to exhaust presentation of new evidence supporting an already-exhausted claim." *Hand v. Houk*, 826 Fed. Appx. 503, 507 (6th Cir. 2020) (citing *Harbison v. Bell*, 566 U.S. 180, 189-90 (2009)); *see also Rhines,* 544 U.S. at 277-78. Indeed, as this court noted, the Sixth Circuit explicitly held in *Carter v. Mitchell*, 829 F.3d 455, 466-67 (6th Cir. 2016), that a habeas petitioner cannot obtain stay and abeyance under

4

*Rhines* to "return to state court to submit additional evidence to buttress claims already exhausted[.]" Accordingly, the court concluded that Jones was not entitled to a stay. (Doc. 54.)

Jones now asks the court to reconsider its decision. (Doc. 60 at 156-58; 170-73.) He argues that his case differs from *Carter* because, in that case, "the petitioner sought to add new evidence for mitigation-based claims that involved information known to the petitioner." (*Id*. at 157, 171.) But Jones does not identify any information supporting either of these claims that was not available to him at the time of his state-court proceedings. Instead, he repeats his position in his motion to stay that the habeas claims are new and different from his state post-conviction claims. He argues his tenth habeas ground is "highly specific," focusing on his "potential developmental disability," while the related state post-conviction claim was a "generic" ineffective-assistance claim challenging counsel's efforts "to retain experts in mitigation and investigate" numerous issues, including "mental illness." (*Id*. at 157.) And his eleventh habeas ground, he asserts, is supported by an expert affidavit that, unlike the one submitted in state post-conviction court, "offer[s] medical testimony to support his specific defense that he accidentally caused Ms. Yates' death." (*Id*. at 172.)

But, again, this argument fails. While Jones' habeas claims may be more specific and supported by more compelling expert reports than his state-court claims, their legal basis is nearly identical to the state-court claims, and there is no indication that the facts relied upon by the habeas experts are different or new in the sense they were unavailable at the time of Jones' state-court proceedings. Accordingly, the court finds no error in its determination that Jones' tenth and eleventh grounds for relief are exhausted, and he is therefore not entitled to a *Rhines* stay, and Jones' motion for reconsideration is denied.

II.

5

For similar reasons, the court denies Jones' request for authorization for his federal habeas counsel to litigate his tenth and eleventh grounds for relief in state court even without a *Rhines* stay. (Doc. 63.)

An indigent federal habeas corpus petitioner is entitled to the appointment of "one or more attorneys" and additional services that are "reasonably necessary" for "adequate representation" pursuant to 18 U.S.C. § 3599(a)(2). Subsection (e) of § 3599 outlines the scope of that representation, providing:

> each attorney so appointed shall represent the defendant *throughout every subsequent stage of available judicial proceedings*, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, *and all available post-conviction process*, together with applications for stays of execution and *other appropriate motions and procedures* . . . .

18 U.S.C. § 3599(e) (emphasis added).

The Supreme Court interpreted § 3599 in *Harbison v. Bell*, 556 U.S. 180 (2009), holding that the statute "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id*. at 194. The Court explained that "[u]nder a straightforward reading of the statute, subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." *Id.* at 185. It noted, however, that appointed counsel is not expected to provide each of the many services enumerated in section (e) for every client. Rather, "counsel's representation includes only those judicial proceedings transpiring 'subsequent' to her appointment." *Id*. at 188. "It is the sequential organization of the statute and the term 'subsequent' that circumscribe counsel's representation, not a strict division between federal and state proceedings."

6

*Id*.

Relevant here, the *Harbison* Court addressed the government's concern that under the Court's interpretation of § 3599, federally appointed counsel would be required to represent their clients in state retrial or state habeas proceedings that occur after counsel's appointment because such proceedings are also "available post-conviction process." The Court explained that § 3599(e) does not apply to either of those proceedings because they are not "properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Id*. at 189. As to state habeas proceedings in particular, it noted,

> State habeas is not a stage "subsequent" to federal habeas. Just the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief. *See* § 2254(b)(1). That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of proceedings contemplated by the statute.

*Id*. at 189-90. It added in a footnote,

> Pursuant to § 3599(e)'s provision that counsel may represent her client "in other appropriate motions and procedures," a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. This is not the same as classifying state habeas proceedings as "available post-conviction process" within the meaning of the statute.

*Id*. at 190 n.7.

Here, the court finds that Jones' request is not authorized by § 3599 because he seeks to initiate new state-court proceedings to exhaust evidence that will support federal claims already exhausted in state court, rather than exhaust new, unexhausted federal claims raised in his pending habeas petition. While the majority in *Harbison* stated in *dicta* that district courts "*may* determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation," it specified that "[t]his *is not* the same as classifying state habeas

proceedings as 'available post-conviction process' within the meaning of the statute." *Harbison,* 556 U.S. at 190 n.7 (emphasis added). In fact, the Court was clear that the opposite is true: "State habeas is not a stage 'subsequent' to federal habeas," and therefore does not fall within the scope of § 3599. *Id*. at 189. Jones' federal habeas counsel, therefore, are not entitled to funding provided by § 3599 for these state-court proceedings, and his motion for authorization is denied.

### III.

Accordingly, for the reasons stated above, the court denies Jones' motion to reconsider its decision that he is not entitled to a stay-and-abeyance of these proceedings while he litigates his habeas grounds for relief ten and eleven in state court (Doc. 60) and motion for authorization for his federal habeas counsel to litigate those same claims in state court (Doc. 63).

IT IS SO ORDERED.

*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 27, 2023