UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP L. JONES, | : | Case No. 5:19 CV 2063 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| TIM SHOOP, WARDEN, | : | |
| | : | **MEMORANDUM OF OPINION** |
| Respondent. | : | **AND ORDER** |

Before the court in this capital habeas corpus case is Petitioner Phillip Jones' renewed motion for discovery. (Doc. 65.) He requests records from an Ohio county coroner's office that he argues will assist his expert in assessing the forensic medical evidence admitted at trial in support of two claims of ineffective assistance of counsel. (*Id*. at 3.)[1] Respondent Warden Tim Shoop has filed a brief opposing the motion. (Doc. 68.) For the following reasons, Jones' motion is denied.

### RELEVANT PROCEDURAL HISTORY

Jones was convicted and sentenced to death in an Ohio state court for the aggravated murder and rape of Susan Yates. *See State v. Jones*, 135 Ohio St. 3d 10, 10-17 (Ohio 2012). His state direct appeal and post-conviction petitions were unsuccessful. *See id*.; *State v. Jones*, 2011 WL 5869752

---

[1]For ease of reference, all citations to page numbers of documents in the court's electronic court filing system ("ECF") are to the ECF-assigned page numbers of the individual documents, not to the documents' original page numbers or the ECF "PageID" numbers.

(Ohio Ct. App. Nov. 23, 2011); *State v. Jones*, 2019 WL 385467 (Ohio Ct. App. Jan. 30, 2019).

Jones filed his original petition for writ of habeas corpus in this court on June 24, 2020. (Doc. 11.) On October 9, 2020, Jones requested discovery of various records of the county coroner's office relating to Ms. Yates to assist his expert in assessing the forensic medical evidence admitted at trial in support of several claims of ineffective assistance of trial counsel. (Doc. 16.) Specifically, he sought: (1) photographs of Ms. Yates; (2) preliminary autopsy and investigative notes and findings; (3) medical and psychiatric records of Ms. Yates; and (4) laboratory reports generated from analysis of physical evidence. (*Id*. at 3.) On January 20, 2021, Jones filed an unopposed motion for extension of time to file an amended petition. (Doc. 28.) The court granted the motion for additional time to amend his petition and denied the motion for discovery as premature until after he had filed his amended petition and Respondent had filed a return of writ asserting any procedural defenses. (Doc. 33.)

Jones filed amended petitions on October 29, 2021 (Doc. 35), and April 8, 2022 (Doc. 44). On April 19, 2022, he filed a motion to stay this case and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could exhaust two claims of ineffective assistance of trial counsel. (Doc. 45.) One of those claims was Jones' eleventh ground for relief, in which he asserts that counsel were deficient for failing to retain a forensic medical expert to support his primary defense at trial that he accidentally strangled the victim to death "while engaging in rough sex and, at her request, choking her to increase her arousal," and relying instead on their cross-examination of the county medical examiner to refute his opinion that Jones purposefully killed Ms. Yates. (*See*

2

Doc. 44-2 at 157.)[2] Jones submits as support for this claim a report by Dr. Jonathan Arden, a forensic pathologist, who found "important errors" the coroner made in his trial testimony (*id*. at 161) and concluded from evidence in the record that the victim died from "'sudden cardiac death . . . during a sex act with neck compression and cocaine use'" (*id*. at 164 (quoting Doc. 44-4 (Arden Rep.) at 5)). This court denied Jones' motion to stay, finding that Jones already had raised the two claims at issue – albeit without the expert opinions he now proffers – in state court on post-conviction review, where they were adjudicated on the merits. (Doc. 54 at 5-9.) Jones asked the court in his traverse to reconsider its denial of his stay-and-abeyance motion (Doc. 60 at 156-58; 170-73), which the court denied (Doc. 66).

Now, Jones has filed a motion renewing his prior motion for discovery. (Doc. 65.) He requests the same records he previously requested, and for the same purpose: to assist his habeas expert in evaluating the forensic evidence adduced at trial in support of the ineffective-assistance claims asserted in his second and eleventh grounds for relief. (*Id*. at 3.) In addition to, and overlapping, the claims set forth in Ground Eleven, as outlined above, Jones' second ground for relief asserts, among other things, that trial counsel were ineffective in: (1) failing to present testimony from a forensic expert to rebut the coroner's testimony that Jones caused Ms. Yates's death during a rape; (2) failing to offer testimony from an expert in alternative sexual practices to support Jones' claim that he accidentally caused Ms. Yates's death during rough consensual sex; and (3) failing to

---

[2] The other claim at issue, Jones' tenth ground for relief, faults trial counsel for failing to investigate mitigating evidence regarding his potential pediatric developmental disabilities due to his mother's alleged alcohol consumption while pregnant. (*See* Doc. 44-2 at 152-56.)

3

use photos, taken by the State, to demonstrate that Jones' hands showed no injuries, lending support to his assertion that he accidentally caused Ms. Yates's death during rough but consensual sex. (*See* Doc. 44-2 at 56.) Jones further argues in his motion that the requested discovery will "potentially" produce evidence supporting a claim under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which held that the prosecution's suppression of material, exculpatory evidence violates a criminal defendant's due process rights. (Doc. 65 at 6-7.) Respondent opposes the motion. (Doc. 68.)

**ANALYSIS**

    **A.    Discovery in Federal Habeas Proceedings**

A federal habeas petitioner, "unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in habeas cases is governed by Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, which permits petitioners to initiate discovery available under the federal civil rules "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Habeas R. 6(a). "Good cause" for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The burden is on the petitioner to demonstrate the materiality of the information requested. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Habeas Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations," but requires "specific allegations of fact."

4

*Id.* (internal quotation marks and citations omitted). When a habeas petitioner "offers nothing more than vague musings on how [the desired discovery] might . . . unfold[,]" a district court may correctly determine that he or she has "fail[ed] to satisfy the 'good cause' standard required to obtain habeas corpus discovery." *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas petitions, further restricts discovery in habeas proceedings. First, under AEDPA, habeas courts' review of federal claims that were adjudicated on the merits in state court is limited to evidence contained in the state-court record. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); 28 U.S.C. § 2254(d)(2) (permitting relief where the state-court decision on a federal claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). Habeas courts, therefore, routinely deny requests for discovery of evidence that is barred from their review. *See, e.g., Guysinger v. Buchanan*, 2020 WL 5405892, at *2 (6th Cir. July 16, 2020) (upholding district court's denial of petitioner's motion for discovery in part because the claim to which it applied "was adjudicated on the merits in state court, [and the court's] review [was] limited to the record that was before the state court"); *Davis v. Bobby*, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief.").

AEPDA also restricts the factual development in federal court of habeas claims that were *not*

5

adjudicated on the merits in state court, under § 2254(e)(2). *See* 28 U.S.C. § 2254(e)(2); *Holland v. Jackson*, 542 U.S. 649, 653 (holding that § 2254(e)(2) applies to petitioners' requests for discovery to achieve the same ends as evidentiary hearings); *Shinn v. Ramirez*, – U.S. –, 142 S. Ct. 1718, 1734 (2022) (holding that "under § 2254(e)(2), a federal habeas court may not . . . consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel"); *Shoop v. Twyford*, – U.S. –, 142 S. Ct. 2037, 2044-46 (2022) (holding that a district court's transportation order permitting a prisoner to obtain neurological testing in search of new evidence to support his habeas petition was not authorized under the All Writs Act or § 2254(e)(2) where the petitioner did not show that the desired evidence would have been admissible in supporting a claim for relief). That provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A)    the claim relies on –
>
>     (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Supreme Court has interpreted § 2254(e)(2)'s opening clause to require some degree of

fault on the applicant's part before the provision will apply and the requirements set forth in subsections (A) and (B) are triggered.  In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), the Court held that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *Id*. at 432.  Under § 2254(e)(2), therefore, district courts may permit factual development of a claim "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met."  *Holland*, 542 U.S. at 652-53.  This standard is a "stringent one," barring discovery of new evidence "[i]n all but . . . extraordinary cases."  *Ramirez*, 142 S. Ct. at 1728.

       **B.**     **Jones' Discovery Requests**

Respondent opposes Jones' discovery requests on two grounds.  First, he argues the requests are barred by *Pinholster* because the claims for which he seeks discovery – Grounds Two and Eleven – were adjudicated on the merits in state court. (Doc. 68 at 7.)  The court agrees.  As noted above, the court found, in considering Jones' motion to stay this case and hold it in abeyance, in part to exhaust Ground Eleven, that Jones had already presented his eleventh claim to state courts, which adjudicated it on the merits.  Ground Two, as explained above, asserts essentially the same legal and factual allegations as Ground Eleven.  As these two claims have been adjudicated on the merits in state court, this court is limited in its habeas review to the state-court record, precluding discovery on those claims.

Second, Respondent correctly notes that Jones does not assert a *Brady* claim in these habeas

proceedings. (Doc. 68 at 8.) He therefore cannot establish good cause for discovery for the purpose of "potentially" supporting a *Brady* claim that does not exist.

## CONCLUSION

For the foregoing reasons, this court denies Jones' renewed motion for discovery (Doc. 65).

IT IS SO ORDERED.

>  /s/ SOLOMON OLIVER, JR.
>  UNITED STATES DISTRICT JUDGE

January 23, 2024